FILED

JUN 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>NORMAN BRUCE SPENCER, a.k.a.<br>Donovan Robert Carlton,<br><br>Defendant - Appellant. | No. 13-30216<br><br>D.C. No. 1:12-cr-00054-PA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Norman Bruce Spencer appeals from the district court's judgment and

challenges the district court's decision to sentence him under the Armed Career

Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to 188 months, following his guilty-

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Spencer contends that ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague as applied to his prior conviction for attempted injury to a child. We review de novo whether a statute is unconstitutionally vague. *See United States v. Spencer*, 724 F.3d 1133, 1136 n.2 (9th Cir. 2013). As Spencer acknowledges, his argument is foreclosed. *See id*. at 1135-36, 1145-46 (citing *Sykes v. United States,* 131 S. Ct. 2267, 2277 (2011) and *James v. United States*, 550 U.S. 192, 210 n.6 (2007)). Because the Supreme Court has concluded that the residual clause is not unconstitutionally vague, *see id*., we decline to apply the rule of lenity or the doctrine of constitutional avoidance. *See United States v. Shill*, 740 F.3d 1347, 1355 (9th Cir. 2014) (rule of lenity and doctrine of constitutional avoidance are inapplicable when a statute is not ambiguous).

**AFFIRMED**.

13-30216